IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY LAMAR ADDIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.2:12-cv-00297-WHA |
| | ) | [WO] |
| | ) | |
| WILLIAM W. WYNNE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff Danny Lamar Addie ("Addie"), an inmate of the Draper Correctional Facility in Elmore, Alabama, challenges the denial of his parole. Named as defendants are William W. Wynne, Jr., Robert P. Longshore, and Clifford Walker.[1] *Doc. No. 1.* Addie seeks only injunctive relief. *Doc. No. 1* at 4.

The defendants filed special reports, supported by relevant evidentiary materials, addressing Addie's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as motions for summary judgment. *Doc. No. 15.* Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of these motions, the evidentiary materials filed in support thereof and Addie's response in opposition to the reports, the court concludes that the defendants' motions for

---

[1]Defendant Alabama Board of Pardons and Paroles was dismissed by previous order. *Doc. No. 10*, adopting *Doc. No. 6.*

summary judgment are due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former Fed. R. Civ. P. 56 omitted); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id.* "'Shall' is also restored to express the direction to grant summary judgment." *Id.* Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to the case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.").  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable .

. . or is not significantly probative . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (per curiam) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment"); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate "produced nothing, beyond his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose a motion for summary judgment. . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier

of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material

fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Addie fails to demonstrate a requisite genuine dispute of material so as to preclude summary judgment on his claims against Defendants. *Matsushita*, 475 U.S. at 587.

### III.  SUMMARY OF MATERIAL FACTS

The court views the following facts in the light most favorable to Addie, the nonmoving party. According to Addie's verified complaint, he is a first-time offender serving a sixty-five year sentence entered against him in 1988 for first-degree burglary and first-degree rape. *Doc. No. 1* at 6. Defendants Longshore and Walker are Associate Members of the Alabama Board of Pardons and Paroles ("the Board"). *Longshore Aff. - Doc. No. 11-1* at 3; *Walker Aff. - Doc. No. 11-1* at 5. Defendant Wynne is Chairman of the Board. *Wynne Aff. - Doc. No. 11-1* at 1.

Addie states he has never received a disciplinary report or citation, his victim and the

Attorney General's office protested his parole once, and he has completed virtually every program offered by the Alabama Department of Corrections, but on February 15, 2012, he was denied parole. *Doc. No. 1* at 6-7; *Doc. No. 8-1* at 1. Addie avers the Board told his family he was denied parole because he has an "S" suffix after his inmate number, indicating he is a sex offender. *Addie Aff. - Doc. No. 8-1* at 1. Addie was not present at the parole hearing, but Addie's mother was present, and she heard a member of the Board say, "Danny Addie has been denied parole until 2017, with an 'S.'" *Pointer Aff. - Doc. No. 1-1* at 1.

Addie asserts that other inmates were granted parole, for example (1) an inmate serving a twenty-five year sentence for escape and deadly assault with a weapon, who served only eight years of the sentence and had received over a dozen disciplinary reports; (2) an inmate serving a life sentence for possession of a controlled substance and multiple counts of robbery, who had four disciplinary reports; and (3) an inmate serving a life sentence for multiple counts of theft and first-degree assault, who had almost a dozen disciplinary reports. *Doc. No. 1* at 8-9. Addie submits a report listing twenty-eight inmates who were granted parole and some facts related to their parole, though Addie does not explain all their individual circumstances. *Doc. No. 1-1* at 2-3. In addition, Addie submits affidavits from himself and ten other sex offenders who aver they were denied parole despite their clean prison disciplinary histories and little or no protest from their victims, victims' families, or the Attorney General's office. *Doc. No. 8-1* at 1-11. Addie submits a newspaper article stating that sex offenders are less likely to commit more crimes, perhaps because the most

serious offenders "do not get released in the first place and are unable to commit more crimes." *Doc. No. 8-1* at 12. Addie also submitted a list that it appears he prepared, showing the various crimes of inmates granted parole from March 2012 to July 2012, and he states the chart shows that 690 inmates in the Department of Corrections were granted parole, and 883 inmates in lesser custody facilities were granted parole, but only 3 of those granted parole were sex offenders. *Doc. No. 20* at 3-4; *Doc. No. 20-2* at 2-26. Addie is familiar with one of the sex offenders granted parole, and the offender's health had severely deteriorated. *Doc. No. 20* at 5. Addie states the offender was paroled because of his age, poor health, and because he was about to complete the sentence for his rape conviction, anyway. *Id.* Addie submitted statistical reports regarding information about the Alabama inmate population and inmate releases for April 2012. *Doc. No. 20-2* at 28-29.

Defendant Walker states he did not vote in Addie's case on February 15, 2012. *Walker Aff. - Doc. No. 11-1* at 5. Defendants Wynne and Longshore state they denied Addie parole on February 15, 2012, and reset him for parole consideration in February 2017. *Wynne Aff. - Doc. No. 11-1* at 1; *Longshore Aff. - Doc. No. 11-1* at 3. Wynne and Longshore deny that their decisions to deny Addie parole were based on any improper reason, or that they are prejudiced, biased, or discriminated against Addie for any reason. *Wynne Aff. - Doc. No. 11-1* at 1; *Longshore Aff. - Doc. No. 11-1* at 3. They deny treating Addie any differently than others being considered for parole; they deny violating his constitutional rights to due process and equal protection of the law; and they deny that they "voted to deny Addie parole

based solely on the fact that he has been convicted of a sex offense or due solely to any classification category to which the Alabama Department of Corrections may have assigned Addie." *Wynne Aff. - Doc. No. 11-1* at 1; *Longshore Aff. - Doc. No. 11-1* at 3.  Wynne and Longshore aver the parole statutes are discretionary, and when considering an inmate for parole, the Board members evaluate the "inmate's prior record, the nature and severity of the offense, potential for future violence, community attitude, home and job plan, and any other relevant factor presented to the Board at their parole consideration open public hearing addressing the issue of his suitability for parole." *Longshore Aff. - Doc. No. 11-1* at 4; *Wynne Aff. - Doc. No. 11-1* at 1-2 (it appears a line in Wynne's affidavit was cut off; the full text is included in Longshore's affidavit).  Wynne and Longshore state that the Board members must give their reasons for granting parole, that they are not required to state the reasons for denying parole, and that by practice the Board members do not give their reasons for denying parole.  *Wynne Aff. - Doc. No. 11-1* at 2; *Longshore Aff. - Doc. No. 11-1* at 4.  Wynne and Longshore aver that Addie's case was processed according to the agency operating procedures, it came before the Board in the same manner as all cases before the Board, and they deny Addie's allegations in the complaint.  *Wynne Aff. - Doc. No. 11-1* at 2; *Longshore Aff. - Doc. No. 11-1* at 4.

## V.  DISCUSSION

Addie claims that he was denied due process and equal protection, and he claims that Alabama Code § 15-22-24(c), which permits the Board to accept gifts, leaves the Board open

to corruption from inmates and families who could buy parole.[3]  Addie requests that the court (1) require the Board to set specific criteria for each inmate to better his or her chances for parole, (2) remove Alabama Code § 15-22-24(c) as being discriminatory and unconstitutional against inmates and families who cannot afford to buy parole for the inmate, and (3) require the Board to grant Addie reconsideration of parole as soon as possible.

### A.  Defendant Cliff Walker

Addie names as a Defendant Cliff Walker, one of the Board members.  Walker avers that he is an Associate Member of the Board, but he did not vote to deny Addie parole on February 15, 2012.  *Walker Aff. - Doc. No. 11-1* at 5.  Addie does not dispute Walker's statements that he did not vote to deny Addie parole.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal*, 556 U.S. at 677.  Thus, liability for Addie's claims could attach to Defendant Walker only if he "personally

---

[3]Addie also originally claimed the Board was not accountable to any branch of government, and he asked the court to determine whether the Board of Pardons and Parole is an authorized state agency under the Alabama Constitution. *Doc. No. 1* at 4, 11-13.  He has withdrawn the claim. *Doc. No. 20* at 11.  Therefore the court does not consider the claim, and it is dismissed.

participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. Addie, however, has presented no evidence, nor can the court countenance the existence of any evidence, which would create a genuine issue of disputed fact with respect to the claims against Defendant Walker. Rather, it is undisputed that Walker did not vote on Addie's parole determination.

In light of the foregoing, Walker may be held liable for decisions of the defendants only if his actions bear a causal relationship to the purported violation of Addie's constitutional rights. To establish the requisite causal connection and therefore avoid entry of summary judgment in favor of defendant Walker, Addie must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[] [the defendant] on notice of the need to correct the alleged deprivation, and [he] fail[ed] to do so. . . ." or "a . . . custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or . . . facts [that] support an inference that [Walker] directed the [facility's staff] to act unlawfully, or knew that [the staff] would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). A thorough review of the pleadings and evidentiary materials submitted in this case demonstrates that Addie has failed to meet this burden.

The record before the court contains no probative evidence to support an inference that Walker directed the defendants to act unlawfully or knew that they would act/acted

unlawfully and failed to stop such action.  In addition, Addie has presented no evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which Walker failed to take corrective action.  Finally, the undisputed evidentiary materials submitted demonstrate that the challenged act did not occur pursuant to a policy enacted by Walker.  Thus, the requisite causal connection does not exist in this case, and liability under the custom or policy standard is not warranted.  Summary judgment is therefore due to be granted in favor of Defendant Walker.  The Court now addresses claims against the remaining defendants, Wynne and Longshore.

### B.  Equal Protection Clause

Addie claims that Defendants Wynne and Longshore violated Addie's rights under the Equal Protection Clause.  Addie claims they denied him parole only because his conviction was for a crime of a sexual nature.  *Doc. No. 1* at 7.  The Equal Protection Clause directs that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  Prisoners are afforded protection from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests.  *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1319 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)).  Official action that causes disparate impact, alone, is not enough to show an equal protection violation.  *See Village of Arlington Heights v. Metro. Hous. Dev.*

*Corp.*, 429 U.S. 252, 264-65 (1977).  "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnotes and citation omitted).  Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).  In a case such as this one, where the plaintiff challenges actions of parole officials, exceptionally clear proof of discrimination is required. *Fuller v. Ga. Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).

Because this case is before the Court on the defendants' properly supported motion for summary judgment, it is Addie's burden to produce evidence admissible at trial sufficient to show (1) the defendants treated other similarly situated inmates more favorably, and (2) the decision to deny Addie favorable treatment resulted from intentional and inappropriate discrimination.  Upon consideration of the record and claims before the court, Addie's equal protection claim cannot survive summary judgment.

First, Addie does not create a genuine issue whether he was treated differently than similarly situated inmates who received parole.  Addie argues that, unlike some of the inmates paroled, he has a spotless prison disciplinary history.  But an inmate's prison disciplinary history is just one of the factors considered in determining whether to grant

parole, and parole is not simply a "reward for good conduct or efficient performance of duties assigned in prison . . . ."[4]   Ala. Code § 15-22-26; *Wynne Aff. - Doc. No. 11-1* at 1-2; *Longshore Aff. - Doc. No. 11-1* at 3-4.  Addie points out that sex offenders comprise a small percentage of all the inmates granted parole.  *Doc. No. 20* at 3-4; *Doc. No. 20-2* at 2-26.  Many of the parolees, however, had drug crimes, robbery, and property crimes that are not comparable to Addie's, *see Doc. No. 20-2* at 2-26, and Addie fails to create a genuine question whether sex offenders are similarly situated to non-sex offenders.  *See Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007) (plaintiff "cannot establish equal protection violations based on his status as a sex offender, however, because he has not shown that sex offenders are similarly situated to non-sex offenders") (citing *Jones*, 279 F.3d at 946-47).

Second, Addie does not create a genuine issue whether Defendants Wynne and Longshore purposefully or intentionally discriminated against Addie because of his crime of conviction.  Wynne and Longshore swear they considered all the required factors in determining whether Addie should be granted parole, and they did not deny him parole based solely on his crime of conviction.  *Wynne Aff. - Doc. No. 11-1* at 1-2; *Longshore Aff. - Doc. No. 11-1* at 3-4.  Addie submits his mother's affidavit that she heard one of the Board members at Addie's parole hearing say, "Danny Addie has been denied parole until 2017,

---

[4]The relevant portion of § 15-22-26 provides that a prisoner shall not be "released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. . . ."  Ala. Code § 15-22-26.

with an 'S.'" *Pointer Aff. - Doc. No. 1-1* at 1.  The statement Addie's mother heard does not suggest that Defendants Wynne and Longshore based their decision to deny parole only on Addie's sex crime, or that they failed to consider all the other relevant factors.  Instead, it is clear from the undisputed evidentiary materials that Defendants Wynne and Longshore refused to grant Addie parole based on their determination, after reviewing his record and considering all the relevant factors and not solely Addie's crime, that he did not warrant release into society.  No reasonable juror could find that Wynne and Longshore intentionally discriminated against Addie because he is a sex offender.

Moreover, neither inmates nor sex offenders are members of a protected class requiring heightened scrutiny of disparate governmental action.  The decision to grant parole to sex offenders, even those with clean prison disciplinary records, differently from non-sex offenders is rationally related to the state's interest in protecting the public.  *Cf. Heller v. Doe*, 509 U.S. 312, 320 (1993) ("A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality.") (citations omitted) (internal quotations marks omitted); *United States v. Payne*, 181 F.3d 781, 785-86 (6th Cir. 1999) ("A state's rules governing the terms of parole may infringe on constitutionally protected liberties as long as the rules are reasonably related to the purposes of parole."); *see also Smith v. Doe*, 538 U.S. 84, 102-03 (2003) ("The risk of recidivism posed by sex offenders is 'frightening and high.'") (citing *McKune v. Lile*, 536 U.S. 24, 33-34 (2002)); *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004) ("Treating sex

offenders differently than others not convicted of these crimes is rationally related to a legitimate state objective.) (citing cases); *Grenemyer v. Gunter*, 770 F. Supp. 1432, 1438 (D. Colo. 1991) (discretion given to parole board by legislature was rationally related to a legitimate governmental purpose because "[u]nlike other prisoners, obedient behavior in a prison does not indicate that the sex offender has truly reformed. Sex offenders are not placed in circumstances which show that they have [been] rehabilitated."). To the extent the defendants imposed stricter requirements on sex offenders to grant parole, the action bears a rational relation to a legitimate government purpose, and it does not violate Addie's right to equal protection under the law. Consequently, Addie's equal protection claim is due to be dismissed.

### C. Due Process

Addie claims the defendants acted arbitrarily and capriciously in denying him parole, in violation of the Due Process Clause. *Doc. No. 1* at 7; *Doc. No. 20* at 2. The Due Process Clause provides protection in the form of procedural due process and substantive due process, and a violation of either may be remedied under section 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555-56 (11th Cir. 1994) (en banc). Addie, however, fails to show there is a triable issue under either theory.

To demonstrate a violation of his procedural due process rights, Addie must show he has a liberty interest at stake, and the defendants deprived him of that liberty interest by failing to provide the process that was due to him. He cannot make this showing. It is well

16

established that the Alabama parole statute[5] does not create a liberty interest. *See Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982).

> The Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole.... When the statute is framed in discretionary terms there is not a liberty interest created. . . . Alabama parole statutes do not create a liberty interest [in parole]. . . .

*Id.* "[T]he mere possibility of parole provides simply 'a hope that is not protected by due process.' . . . [In addition], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole." *Ellard v. Ala. Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987). Consequently, Addie's claim of a right to release on parole based on the Alabama statute is refuted by well-settled federal law. It is also well settled that Addie does not possess a liberty interest in being granted parole that is protected directly under the Due Process Clause of the United States Constitution. *See Heard v. Ga. State Bd. of Pardons and Paroles*, 222 F. App'x 838, 840 (11th Cir. 2007) (citations omitted); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-42; *Thomas*, 691 F.2d at 488-89. Defendants are therefore entitled to judgment as a matter of law on Addie's procedural

---

[5]From its inception the statute has been framed in discretionary terms. Alabama Code § 15–22–26 gives the Board authority to grant parole "*only if the Board of Pardons and Paroles is of the opinion* that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. . . ." Ala. Code § 15-22-26 (emphasis added).

due process claim.

Nevertheless, substantive due process requires that even when there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489; *Slakman v. Buckner*, 434 F. App'x 872, 875-76 (11th Cir. 2011) (discussing substantive due process requirements). Defendants Wynne and Longshore maintain they acted in accordance with the relevant regulations in denying parole to Addie because they were not persuaded he presented an acceptable risk for release on parole. *Wynne Aff. - Doc. No. 11-1* at 1-2; *Longshore Aff. - Doc. No. 11-1* at 3-4. Defendants' decisions demonstrate reasonable and appropriate actions, rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Harrell v. Florida Parole Comm'n*, 479 F. App'x 234, 236-37 (11th Cir. 2012) (upholding substantive due process claim dismissed for failure to state a claim "because the decision whether to grant or deny parole is within the Commission's discretion, and [inmate] did not plausibly allege that the Commission acted arbitrarily and capriciously in denying him parole"); *Slakman*, 434 F. App'x at 875 (affirming preservice dismissal of substantive due process claim because parole board's consideration of the gravity of the offense was "not the type of 'most egregious conduct' required in an arbitrary and capricious analysis") (citation omitted); *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (denying good time credits "to prisoners based on their criminal record is rationally related to the state's interest in preventing the early release of serious offenders") (citing *Thornton*

*v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988)); *Hendking v. Smith*, 781 F.2d 850, 853 (11th

Cir. 1986) (rejecting equal protection claim of sex offenders denied placement at the honor

farm).  Addie has failed to present any evidence indicating arbitrary or capricious actions on

the part of the defendants.  Summary judgment is therefore due to be granted in favor of

Wynne and Longshore with respect to Addie's due process claims.  *See Celotex*, 477 U.S.

at 322-24.

### E.  Alabama Code § 15-22-24(c)

Addie challenges the constitutionality of Alabama Code § 15-22-24(c), which permits

the Board to "accept grants, devices, bequeaths [bequests] or gifts and make expenditures

therefrom for the operations of the board and not individually as board members."  Addie

argues the statute "is ripe for corruption," *Doc. No. 20* at 8, by making the Board susceptible

to corruption and making it difficult for inmates and families who cannot afford to make gifts

to buy parole. *Doc. No. 1* at 10-11; *Doc. No. 20* at 8-9.  Defendants argue that Addie's claim

is conclusory and he fails to support his claim with any evidence.

On its face, the statute does not permit inmates or families to buy parole.  Addie

presents no evidence to support his suggestion that any inmate or family bought parole by

making gifts to the Board.  Defendants Wynne and Longshore aver that they did not base

Addie's parole decision on any improper reason, and that they followed appropriate

procedures in making their determination. *Wynne Aff. - Doc. No. 11-1* at 1-2; *Longshore Aff.*

*- Doc. No. 11-1* at 3-4.  Addie's statement that improper activity might occur is insufficient

to demonstrate a genuine issue for trial. *See Celotex*, 477 U.S. at 322-24 (summary judgment requirements).  Defendants Wynne and Longshore are therefore entitled to judgment as a matter of law on  Addie's claim regarding Alabama Code § 15-22-24(c).

## VI.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The defendants' motion for summary judgment be GRANTED.

2.      Judgment be GRANTED in favor of the defendants.

3.      This case be dismissed with prejudice.

4.      The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 15, 2015, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of April, 2015.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE